# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY HOBAN, | CASE NO. 1:09-cv-1752-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | (ECF No. 1) |
| Defendants. | AMENDED COMPLAINT SHALL BE FILED WITHIN THIRTY DAYS |

Plaintiff Timothy Hoban ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on October 5, 2009 and his original Complaint is currently before the Court for screening.

For the reasons explained below, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief could be granted.

**I.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion

thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

**II.    PLAINTIFF'S ALLEGATIONS**

Plaintiff, a level III security offender, arrived at Kern Valley State Prison ("KVSP") in May 2009 and has been continuously housed in the Delta Gymnasium there.  He alleges that, as an occupant of the Delta Gymnasium, he has no access to rehabilitation programs such as Alcoholics Anonymous ("AA") or Narcotics Anonymous ("NA") or to self-help educational classes or vocational training.  He also contends that Defendants have failed to provide religious services or programs to residents of the Delta Gymnasium.  He contends that Level III security inmates housed elsewhere at KVSP have access to all of these programs, as well as the ability to possess personal televisions, fans, and other electrical appliances.

Plaintiff alleges that these deprivations violated his First Amendment right to freedom of religion, Eighth Amendment right to be free from cruel and unusual punishment, and his Fourteenth Amendment rights of Due Process and Equal Protection.

Plaintiff names the following Defendants: California Department of Corrections and Rehabilitation ("CDCR"); K. Harrington—Warden of KVSP; D. Ortiz—Associate Warden;

L.L. Woods—Delta Facility Captain; R. Grissom—Associate Warden; and M.D. Biter—Chief Deputy Warden.

Plaintiff seeks a court order requiring CDCR to reassess and reclassify inmates currently being house in the Delta Gymnasium and to offer appropriate programming to all inmates.

## III.  ANALYSIS

### A.  California Department of Corrections as a Defendant

Plaintiff names the California Department of Corrections and Rehabilitation ("CDCR") as a Defendant in this action. "State agencies . . . are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute." Maldonado v. Harris, 370 F.3d 945, 951 (9th Cir. 2004) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 70 (1989)).  CDCR is a state agency and thus not a "person" under § 1983.  See Christman v. Micheletti, 302 F. App'x 742, 743 (9th Cir. 2008) ("The district court properly dismissed [the plaintiff's] claims against the California Department of Corrections and Rehabilitation because the state agency is not a 'person' under section 1983."); see also Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir. 1991) ("[A]rms of the State such as the Arizona Department of Corrections are not 'persons' under section 1983.") (internal quotation marks omitted); Coleman v. Cal. Dep't of Corr. & Rehab., No. CV 06-2606-JFW (PJW), 2009 WL 648987, at *3 (C.D. Cal. Mar. 10, 2009) (concluding that CDCR was not a "person" subject to suit under § 1983).

In addition, "[i]n the absence of a waiver by the state or a valid congressional override, [u]nder the eleventh amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999).  "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court . . . ." Id. at 1025-26; see also Brown v. Cal. Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009). Accordingly, the Eleventh Amendment bars Plaintiff's § 1983 claims asserted against CDCR, and such claims are dismissed with prejudice.

### B.     Fourteenth Amendment

#### 1.     Procedural Due Process

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. Zinermon v. Burch, 494 U.S. 113, 125 (1990) (citing Parratt v. Taylor, 451 U.S. 527, 537 (1981)). In the absence of a constitutionally protected interest, the Constitution does not require the provision of any process. See Board of Regents v. Roth, 408 U.S. 564, 569 (1971).

Plaintiff contends that he is being denied access to self-help programming such as vocational and educational classes and to rehabilitative classes such as NA and AA. He claims that these deprivations violate his Due Process rights. However, the Ninth Circuit has repeatedly held that prison inmates do not have a constitutional right to participate in rehabilitative programs. See, e.g., Rizzo v. Dawson, 778 F.2d 527, 530-31 (9th Cir. 1985) ("[T]here is no constitutional right to rehabilitation."); Balisok v. Boutz, 46 F.3d 1138 (9th Cir. 1995) (prisoner was not denied due process by removal from class because he had "neither a constitutional not state-created right to attend . . . classes."); see also Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (prisoners have no due process protection with respect to their eligibility to participate in specific rehabilitation programs). Because Plaintiff has no constitutionally protected interest in participating in rehabilitation and other programming, he has failed to allege facts showing that he was deprived of a constitutionally protected interest. Accordingly, he has failed to state a procedural due process claim.

#### 2.     Equal Protection

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. The first method requires a plaintiff to show that the defendant has intentionally discriminated

against the plaintiff on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). Under this theory of equal protection, the plaintiff must show that the defendant's actions were a result of the plaintiff's membership in a suspect class, such as race, religion, or alienage. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005). In this case, Plaintiff does not allege that he is a member of a suspect class. Accordingly, he has failed to state an equal protection claim under this theory.

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir. 2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

In this case, Plaintiff alleges that he is a Class III custody prisoner and is being treated differently than other Class III custody prisoners. He claims that Class III prisoners held in other parts of the prison are afforded access to programming and allowed to possess personal fans, televisions, and other electronic devices, while those housed in the Gymnasium are not.

Plaintiff has alleged that he is a member of an identifiable class, i.e. Class III custody prisoners, and that he was treated differently than other similarly situated prisoners. However, he has failed to allege that this disparate treatment lacks a rational relationship to a legitimate state interest. Accordingly, Plaintiff has failed to state an equal protection claim. The Court will grant Plaintiff leave to amend this claim to address the deficiencies noted herein.

**C.      Eighth Amendment**

"An Eighth Amendment claim that a prison official has deprived inmates of humane conditions must meet two requirements, one objective and one subjective. Under the objective requirement, the prison official's acts or omissions must deprive an inmate of the minimal civilized measure of life's necessities. The subjective requirement, relating to the defendant's state of mind, requires deliberate indifference." Lopez v. Smith, 203 F.3d 1122, 1132-33 (9th Cir. 2000).

        1.      Objective Requirement

Plaintiff alleges that his lack of access to programming violates his Eighth Amendment rights. However, the Ninth Circuit has held that the lack of rehabilitative programs "simply does not amount to the infliction of pain" and does not deprive an inmate of the minimal civilized measure of life's necessities. Hoptowit v. Ray, 682 F.2d 1237, 1254 (9th Cir. 1982); see also Stewart v. Winter, 669 F.2d 328, 336 n.19 (5th Cir. 1982) ("[F]ailure to provide a rehabilitation . . . does not, by itself, constitute cruel and unusual punishment."). Accordingly, Plaintiff's lack of access to programs does not state an Eighth Amendment claim.

Plaintiff also alleges vaguely that he is not getting access to outdoor exercise yards. "Some form of regular outdoor exercise is extremely important to the psychological and physical well being of [prisoners]." Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979). "Deprivation of outdoor exercise violates the Eighth Amendment rights of inmates confined to continuous and long-term segregation." Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (citing Spain, 600 F.2d at 199 (term of years confined in segregated unit without outdoor exercise constitutes cruel and unusual punishment)); see also Allen, 48 F.3d at 1087 (six-week period in which prisoner was allowed only forty-five minutes per week of outdoor exercise sufficient to state Eighth Amendment claim); Lopez, 203 F.3d at 1133 (allegation of indefinite and thus potentially long-term confinement without outdoor exercise sufficient to state a claim); Toussaint v. Yockey, 722 F.2d 1490, 1493 (9th Cir. 1984) (denial of outdoor exercise to inmates assigned to administrative segregation for over one

year raised "substantial constitutional question"); Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005) (allegation that conditions prohibited prisoner from exercising in outdoor yard sufficient to withstand 12(b)(6) motion); but see LeMaire v. Maass, 12 F.3d 1444, 1458 (9th Cir. 1993) (denial of outdoor exercise for forty-five day period due to disciplinary infractions held constitutional). An allegation that prison officials denied a prisoner outdoor exercise for an extended, continuous period of time is sufficient to state an objective violation of a prisoner's constitutional right to humane conditions of confinement. See Lopez, 203 F.3d at 133.

In this case, Plaintiff alleges that there is no "Program for Yard for Recreational Exercise for Programming Inmates in error." (ECF No. 1 at 5.) This allegation is confusing; the Court cannot discern what the Plaintiff is alleging. If Plaintiff is being denied all access to outdoor recreation, he may be able to state an Eighth Amendment claim. However, a prison can reasonably restrict a prisoner's access to outdoor exercise. See, e.g., Hoptowit, 682 F.2d at 1259 (prison official can suspect exercise when security concerns exist); Norwood v. Vance, 572 F.3d 626, 631 (9th Cir. 2009) ("When violence rises to unusually high levels, prison officials can reasonably believe it is lawful to temporarily restrict outdoor exercise to help bring the violence under control."). The allegations in Plaintiff's Complaint are too sparse for the Court to determine whether the amount of outdoor exercise currently being afforded to Plaintiff is constitutionally sufficient. The Court will grant Plaintiff leave to amend this claim to address the deficiencies noted herein.

### 2. Subjective Requirement—Deliberate Indifference

In order to plead deliberate indifference, a prisoner must allege that prison officials knew of and disregarded a substantial risk of serious harm to the prisoner. E.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). A claim that prison officials were aware that a prisoner had been denied outdoor exercise for an extended period of time is sufficient to allege that the prison officials acted with deliberate indifference to the prisoner's basic human needs. See Perkins v. Kansas

Dep't of Corrections, 165 F.3d 803, 810 (10th Cir. 1999) (where complaint alleged that officials had knowledge plaintiff was being denied outdoor exercise, "factfinder could infer both that prison officials knew of a substantial risk of harm to plaintiff's well being...and that they disregarded that harm"); see also Allen, 48 F.3d at 1088 (summary judgment on deliberate indifference issue inappropriate where prisoner produced evidence that prison officials were aware that prisoner was denied outdoor exercise); Lopez, 203 F.3d at 1133 (evidence showing that defendants ignored complaints about lack of outdoor exercise sufficient to defeat summary judgment on Eighth Amendment claim).  Where a prisoner alleges that he was denied outdoor exercise pursuant to an official policy, "a rational fact-finder after hearing the evidence might determine that the defendants acted with at least deliberate indifference to [the prisoner's] basic human needs, as defined by Spain, by placing inconsequential logistical concerns that might be no more than matters of convenience above [the prisoner's] need for exercise." Allen, 48 F.3d at 1088.

In this case, Plaintiff fails to allege that any of the Defendants were aware that he was being denied access to outdoor exercise.  Plaintiff also fails to allege that he was denied access to outdoor exercise pursuant to an official policy.  Without these details, Plaintiff cannot satisfy the subjective requirement of an Eighth Amendment claim.  If Plaintiff chooses to amend this claim, he should provide detailed factual allegations showing how each specific Defendant knew he was being denied access to outdoor exercise and/or was involved with enacting an official policy that played a role in his denial of access.

### D.     **First Amendment**

Plaintiff alleges that his lack of access to religious services or programs violates his First Amendment right to freedom of religion.  Under the Constitution, "reasonable opportunities must be afforded to all prisoners to exercise the religious freedom guaranteed by the First and Fourteenth Amendments." Cruz v. Beto, 405 U.S. 319, 322 n.2 (1972).  However, as with other First Amendment rights in the inmate context, prisoners' rights may be limited or retracted if required to "maintain [ ] institutional security

and preserv[e] internal order and discipline." Bell v. Wolfish, 441 U.S. 520, 549 (1979); see, e.g., Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997). Restrictions on access to "religious opportunities"—whether group services, chapel visits, or meetings with religious advisers—must be found reasonable in light of four factors: (1) whether there is a "valid, rational connection" between the regulation and a legitimate government interest put forward to justify it; (2) "whether there are alternative means of exercising the right that remain open to prison inmates"; (3) whether accommodation of the asserted constitutional right would have a significant impact on guards and other inmates; and (4) whether ready alternatives are absent (bearing on the reasonableness of the regulation). Turner v. Safley, 482 U.S. 78, 89-90 (1987); see also Beard v. Banks, 548 U.S. 521 (2006); Mauro v. Arpaio, 188 F.3d 1054, 1058-59 (9th Cir.1999) (en banc).

If Plaintiff is being denied access to all outlets for religious worship, he may have a First Amendment claim. See Pierce v. County of Orange, 526 F.3d 1190, 1209 (9th Cir. 2008). However, prisons are allowed to place a variety of restrictions on religious worship for security purposes and other legitimate penological reasons. Id. The only allegation in Plaintiff's Complaint regarding his access to religious services is the following: "Plaintiff contends that his First Amendment Right to "Freedom of Religion" has been violated by the Named Defendants by failing to provide or offer Religious Services or Programs without just cause or justification in error." (ECF No. 1 at 6.) This allegation does not provide sufficient detail to allow the Court to evaluate the degree to which Plaintiff is being allowed or denied access to religious worship. Plaintiff does not state whether such denial is pursuant to an official policy of the prison or the acts of particular Defendants. It fails to state a claim. Plaintiff will be granted leave to amend to address the deficiencies in this claim.

### D.     Personal Participation of Defendants

Under Section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of her rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory

liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct. Therefore, Plaintiff must demonstrate that each Defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

In order to establish liability against a supervisor, a plaintiff must allege facts demonstrating (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001); Wesley v. Davis, 333 F.Supp.2d 888, 892 (C.D.Cal. 2004). The sufficient causal connection may be shown by evidence that the supervisor implemented a policy so deficient that the policy itself is a repudiation of constitutional rights. Wesley, 333 F.Supp.2d at 892 (internal quotations omitted). However, an individual's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement. Id. (internal quotations omitted).

In this case, Plaintiff fails to link any of the allegedly wrongful acts to particular Defendants. He complains generally of a lack of programming and lack of access to exercise and religious services, but does not describe how any of the named Defendants were involved with these deprivations. In his Amended Complaint, Plaintiff must set forth specific facts tying each Defendant to a deprivation of his constitutional rights.

**IV.   CONCLUSION AND ORDER**

The Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted. The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In his Amended Complaint, Plaintiff must demonstrate that the alleged incident resulted in a deprivation of her constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is

-10-

plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. Plaintiff should focus his Amended Complaint on the claims discussed herein.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

7. Plaintiff shall caption the document "Amended Complaint" and refer to the case number 1:09-cv-1752-MJS (PC); and

8. If Plaintiff fails to comply with this order, this action will be dismissed for failure to prosecute and failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   December 9, 2010            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE

-11-